## TORRES *v.* IRIZARRY.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 788.—Resuelto en mayo 3, 1912.

COSTAS—IMPUGNACIÓN—INCOMPARECENCIA DE LA PARTE IMPUGNADORA.—De los términos del artículo 339 del Código de Enjuiciamiento Civil enmendado por ley de marzo 12, 1908, se deduce que en caso de impugnación de un *memorandum* de costas, debe celebrarse la vista del asunto asistan o nó las partes, y que practíquense o nó pruebas, la corte debe dictar resolución sobre el asunto sometido a su decision, pues ni la asistencia a la vista, ni la presentación de pruebas son actos obligatorios, sino derechos concedidos a las partes y renunciables expresa o tácitamente.

ID. — IMPUGNACIÓN — INCOMPARECENCIA DE · LA PARTE IMPUGNADORA—PROCEDIMIENTO.—En caso de impugnación de un *memorandum* de costas, cuando comparece únicamente la parte que reclama las costas y no la que impugna la reclamación, es aplicable al procedimiento los preceptos del artículo 193 del Código de Enjuiciamiento Civil, con sujeción al artículo 36 del mismo Código, y por lo tanto debe resolverse el incidente con arreglo a sus resultancias. El artículo 192 del mismo Código no es aplicable, porque la parte impugnadora que no comparece equivale al demandado y el demandante viene a ser la parte que reclama las costas.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Sabater.*

Abogado del apelado: *Sr. Angel A. Vázquez.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En juicio seguido ante la Corte de Distrito de Mayagüez por José Torres contra Juan Irizarry, presentó el demandado un memorandum jurado de costas y desembolsos que había de satisfacerle el demandante, comprensivo de cuatro partidas ascendentes a once dollars a saber: cinco por honorarios al secretario de la corte, igual cantidad por indemnización a cinco testigos que declararon en el juicio, cincuenta centavos por honorarios del notario que recibió el juramento del memorandum, y otros cincuenta centavos por servir al demandante una copia de dicho memorandum.

El demandante Torres formuló por escrito impugnación a las dos primeras partidas del memorandum presentado, alegando que el demandado Irizarry no había gastado cinco

dollars por honorarios al secretario, y que tampoco había desembolsado igual suma en concepto de indemnización a cinco testigos, pues en el juicio solo declararon tres, sin derecho a indemnización alguna por ser vecinos de la ciudad de Mayagüez.

Señalado día para la discusión del memorandum de costas y desembolsos, compareció únicamente el abogado del demandado, y solicitó de la corte que en vista de no haber comparecido el demandante, se tuviera a éste por desistido de la impugnación y se aprobara el memorandum, a lo que accedió la corte por orden de 17 de noviembre del año próximo pasado, que en la parte conducente dice así:

"La corte, en vista de no haber comparecido el demandante a sostener su impugnación, le tiene por desistido de la misma y aprueba dicho memorandum de costas en la suma total de once dollars."

Esa orden está sometida a nuestra consideración mediante recurso de apelación contra ella interpuesto por el demandante José Torres.

El artículo 339 del Código de Enjuiciamiento Civil, tal como ha quedado enmendado por la sección 1ª. de la ley aprobada en 12 de marzo de 1908, establece que en caso de impugnación de un memorandum de costas la parte contraria podrá contestarla, y la corte señalará día para la vista del asunto y celebrada ésta, practicándose en el acto las pruebas pertinentes que las partes propongan, dictará su resolución.

Dedúcese de los términos del artículo citado que la vista debe celebrarse, asistan o nó las partes, y que practíquense o nó pruebas, la corte debe dictar resolución sobre el asunto sometido a su decisión, pues ni la asistencia a la vista ni la proposición de pruebas son actos obligatorios, sino derechos concedidos a las partes y renunciables expresa o tácitamente.

¿Cuál debe ser dicha resolución en un caso como el presente, en que al acto de la vista compareció únicamente la parte que reclama las costas y no la que impugna la reclamación? Es regla general de procedimiento que una vez que el

demandado haya comparecido y contestado la demanda, aunque no asista al juicio ni presente pruebas, no puede habérsele por desistido de su oposición, sino que el pleito debe continuarse y decidirse con arreglo a sus resultancias, según el artículo 193 del Código de Enjuiciamiento Civil. Tal regla es de aplicación al presente caso con sujeción al artículo 36, preceptivo de que cuando una corte tenga jurisdicción, en el ejercicio de ella, si el procedimiento no estuviere especialmente señalado en dicho Código o en otra ley, podrá adoptarse cualquier otro procedimiento o modo adecuado que parezca estar más en armonía con el espíritu del mismo. Su infracción por la corte de Mayagüez al dictar la orden recurrida es manifiesta.

Y no cabe invocar como excepción el número tercero del artículo 192, según el cual se podrá desistir de una demanda o declararse abandonada, entre otros casos, cuando el demandante deje de comparecer en el juicio y el demandado compareciente pida que se declare a aquél por desistido. En la hipótesis de que ese precepto fuera aplicable al que presenta un memorandum de costas, nunca sería de aplicación al que lo impugna. Ciertamente que Torres era demandante en el juicio e Irizarry demandado; pero en la cuestión incidental de costas, el demandante propiamente es Irizarry que presentó el memorandum y Torres el demandado que lo ha impugnado. No hay términos hábiles para que la excepción expresada comprenda el caso de que se trata.

Por las razones expuestas entendemos que procede la revocación de la orden apelada, y ordenar a la corte inferior que señalando nuevo día para la vista del asunto, celebre ésta con o sin asistencia de las partes, practicándose en su caso las pruebas pertinentes que cualquiera de las partes proponga, y dictando oportunamente la resolución que proceda en derecho.

*Revocada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.